**LAW OFFICES OF JOHNNY L. GRIFFIN II**
**JOHNNY L. GRIFFIN III (SBN 118694)**
**MANOLO H. OLASO (SBN 195629)**
1010 F Street, Suite 200
Sacramento, CA 95814
Phone: (916) 444-5557
Fax: (916) 444-5558

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DUNCAN; JANET DUNCAN, CHRISTOPHER G., a minor, through his guardian, ROBERT DUNCAN,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO; STEVE LEE; CALIFORNIA HIGHWAY PATROL OFFICER RUSSELL (BADGE 10205), AND DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>1. **Excessive Force (42 U.S.C. §1983)**<br>2. **Unreasonable Seizure (42 U.S.C. §1983)**<br>3. **Violation of Substantive Due Process (42 U.S.C. §1983)**<br>4. **Failure to Supervise and Train – Municipal Liability (42 U.S.C. §1983)**<br>5. **Interference with Civil Rights (Cal. Civ. Code §52.1)**<br>6. **Intimidation Based On Race (Cal. Civ. Code §51.7)**<br>7. **Assault/Battery (State Common Law)**<br>8. **Negligent Hiring and Supervision (State Common Law)**<br>9. **Negligence (State Common Law)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs REVEREND ROBERT DUNCAN, JANET DUNCAN and CHRISTOPHER G., a minor represented by his guardian, REVEREND ROBERT DUNCAN, (hereinafter "Plaintiffs"), complain and allege as follows:

## I. JURISDICTION

1. This complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. §1983 and §1988 for violation of Plaintiffs' civil rights.

2. Jurisdiction is founded upon Title 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to Title 28 U.S.C. §1367.

## II. VENUE

3. The acts or omissions giving rise to the Plaintiffs' claims alleged herein arose in the County of Placer, California. Thus, pursuant to Title 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of California.

## III. INTRODUCTION

4. This civil rights action highlights the often inequitable and outrageous treatment of African-Americans at the hands of law enforcement. Reverend Robert Duncan, an African-American male, and his family, were subjected to a frightening automobile chase initiated by an overzealous, out-of-control investigator named Steve Lee from the Sacramento County District Attorney's Office. Mr. Lee never identified himself to Reverend Duncan and did not make Reverend Duncan aware that he was an investigator. Mr. Lee made matters worse by knowingly and falsely representing to the California Highway Patrol that the automobile that Reverend Duncan was driving had an ex-convict with a gun inside. Officers from the California Highway Patrol colluded with Mr. Lee to force Reverend Duncan to stop his automobile. Officers forced Reverend Duncan and his family out of their automobile at gunpoint and handcuffed Reverend

Duncan and his wife. Later, Reverend Duncan learned that he and his family were subjected to this terrifying and life-threatening chase and traffic stop because Mr. Lee wanted to serve a witness subpoena on Reverend Duncan's son. The internal affairs unit of the District Attorney's Office investigated Mr. Lee and determined that he had engaged in an improper pursuit and violated traffic laws. As a result of Mr. Lee's and the Highway Patrol officers' outrageous misconduct, Plaintiffs were deprived of their civil rights, and suffered loss of liberty, shock, humiliation, and extreme emotional distress.

## IV. PARTIES

5. During all times mentioned in this Complaint, Plaintiff REVEREND ROBERT DUNCAN (REV. DUNCAN) was, and is, a United States citizen. REV. DUNCAN resides in the County of Sacramento, California, and is a fifty-two (52) year-old African-American male. REV. DUNCAN is a licensed, ordained, and seminary-trained minister. He has a bachelor's degree from the University of Washington, a Master's Degree in Divinity from the Graduate Theological Union, and is a doctoral candidate at the San Francisco Theological Center. REV. DUNCAN is retired from civil service with both the City and County of San Francisco. REV. DUNCAN is a dialysis patient.

6. During all times mentioned in this Complaint, Plaintiff JANET DUNCAN (MRS. DUNCAN) was, and is, a United States citizen. MRS. DUNCAN is married to REV. DUNCAN. Plaintiff JANET DUNCAN resides in the County of Sacramento, California, and is a fifty-one (51) year-old African-American female. MRS. DUNCAN is retired from work based on workplace disability.

7. During all times mentioned in this Complaint, Plaintiff CHRISTOPHER G. was, and is, a United States citizen. CHRISTOPHER G. is the son of REV. DUNCAN and MRS. DUNCAN.

CHRISTOPHER G. resides in the County of Sacramento, California, and is a sixteen (16) year-old African-American male. CHRISTOPHER G.'s guardian in this action is REV. DUNCAN.

8. Defendant COUNTY OF SACRAMENTO is a local governmental subdivision in the State of California, created and existing by virtue of the laws of the State of California. The Sacramento County District Attorney's Office is a department of the COUNTY OF SACRAMENTO duly organized and existing under the laws of the State of California.

9. Defendant STEVE LEE (LEE), unless indicated otherwise, was at all times described herein, an employee of the COUNTY OF SACRAMENTO's District Attorney's Office, employed as an investigator and acting in the course and scope of that employment. LEE is sued in both his individual and official capacities. LEE is a Caucasian male.

10. Defendant OFFICER RUSSELL (BADGE 10205) (RUSSELL), unless indicated otherwise, was at all times described herein, an employee of the California Highway Patrol, employed as a law enforcement officer and acting in the course and scope of that employment. RUSSELL is sued in his individual capacity. RUSSELL is a Caucasian male.

11. The true names and identities of defendants DOES 1 through 100 are presently unknown to Plaintiffs. Plaintiffs hereby use the fictitious name DOE to designate these defendants. Plaintiffs allege that the DOE defendants, and each of them, is legally responsible for the incident, injuries and damages set forth here, and that each of said DOE defendants proximately caused said incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based upon agency, employment, or control, whether severally or jointly, or whether based upon agency,

employment, or control or upon any other act or omission. Plaintiffs will seek to amend this complaint as soon as the true names and identities of the DOE defendants have been ascertained.

12. Each of the defendants, including DOES 1 through 100, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged herein by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, thereby constituting deliberate indifference to Plaintiffs' constitutional rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

13. Plaintiffs are informed and believes and thereon alleges that at all times mentioned in this complaint, defendants, and each of them, were the agents, employees, servants, joint ventures, partners and/or co-conspirators of the other defendants named in this complaint and that at all times, each of the defendants were acting within the course and scope of said relationship with other defendants.

14. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or color of state law at all relevant times.

## V. GOVERNMENT TORT LIABILITY ALLEGATIONS

15. On November 17, 2005, Plaintiffs presented their respective Tort Claims to the COUNTY OF SACRAMENTO, and to the STATE OF CALIFORNIA, pursuant to the California Tort Claims Act.

16. Plaintiffs' respective Tort Claims were rejected by the COUNTY OF SACRAMENTO and by the STATE OF CALIFORNIA, by operation of law, on January 3, 2006.

17. Pursuant to California Government Code §820, subd. (a), LEE and RUSSELL are liable for injuries caused by their acts and/or omissions to the same extent as a private person. Pursuant to §815.2, subd. (a), the COUNTY OF SACRAMENTO and the STATE OF CALIFORNIA are vicariously liable for injuries proximately caused by the acts and/or omissions of its public employees.

18. Plaintiffs are informed and believe that the violations of the Plaintiffs' constitutional rights complained of herein were caused by customs, policies, and/or practices of authorized policymakers of the COUNTY OF SACRAMENTO and other supervisory officials of the COUNTY OF SACRAMENTO'S District Attorney's Office, and of the authorized policymakers of the California Highway Patrol, and other of its supervisory officials, including Defendant OFFICER RUSSELL. Said customs, policies, and/or practices encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of herein. Said customs, policies, and/or practices were the moving force behind the violations alleged herein. Said customs, policies, and/or practices include, but are not limited to, exposing persons to unreasonable force and seizure during the course of investigations, subpoena service, and/or traffic stops, failing to maintain adequate policies, failing to adequately train, supervise, and control investigators and officers concerning investigation methods, service of subpoenas, and traffic stops, failing to investigate and impose discipline on investigators and officers who employ improper investigation methods, subpoena service tactics, and traffic stop tactics, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

## VI. FACTUAL ALLEGATIONS

19. REV. ROBERT DUNCAN lives in Elk Grove, California in the County of Sacramento with his wife, JANET DUNCAN, and their son, CHRISTOPHER G. All three are citizens of the United States, and none of them have criminal records.

20. On the afternoon of August 31, 2005, REV. DUNCAN, MRS. DUNCAN, and CHRISTOPHER G. were returning to their home in Elk Grove. The DUNCANS had gone to pick up CHRISTOPHER G. from high school and were now returning home in an automobile driven by REV. DUNCAN. MRS. DUNCAN was seated in the front passenger seat. CHRISTOPHER G. was seated in the rear passenger seat.

21. As REV. DUNCAN approached his home, REV. DUNCAN saw a Caucasian male he did not recognize standing near REV. DUNCAN'S home. This man wore plain clothes, did not wear a badge, and did not identify himself. REV. DUNCAN now knows that the man's name is STEVE LEE from COUNTY OF SACRAMENTO'S District Attorney's Office Bureau of Investigations.

22. REV. DUNCAN became suspicious when LEE began staring at him and began to stride towards REV. DUNCAN'S car. Rather than stop and put his family at risk, Rev. DUNCAN decided to continue driving past his house in order to avoid LEE.

23. When LEE saw that REV. DUNCAN was not going to pull up to the home, LEE began running towards a car that was parked nearby. Suspicious of LEE'S behavior, REV. DUNCAN drove away.

24. Moments later, REV. DUNCAN saw LEE behind him, driving the car that had been parked near REV. DUNCAN'S home earlier. REV. DUNCAN saw LEE accelerate in order to get

closer to REV. DUNCAN'S car. At one point, when Rev. DUNCAN slowed for a stop sign, he saw LEE get out of his car and run towards Rev. DUNCAN'S car.

25. By this time, Rev. DUNCAN and his family became fearful of LEE'S erratic and aggressive behavior. Rev. DUNCAN decided to go onto northbound Interstate 5 at the Elk Grove Boulevard on-ramp. At that point, neither Rev. DUNCAN nor his family knew that LEE was an investigator, and did not know his purpose for being at their home.

26. LEE followed the family onto Interstate 5. REV. DUNCAN used the carpool lane. LEE, despite being alone in his car, used the carpool lane to follow the family. On at least one occasion, LEE sped up and nearly rammed the rear bumper of REV. DUNCAN'S automobile. LEE'S automobile was not marked, it had no writing indicating that it was a COUNTY OF SACRAMENTO automobile, and it did not flash red and blue lights normally associated with a law enforcement automobile.

27. LEE'S aggressive behavior frightened REV. DUNCAN and his family and made them fear for their safety.

28. LEE continued tailgating REV. DUNCAN'S automobile until they were both near downtown Sacramento. At one point, REV. DUNCAN saw several California Highway Patrol (CHP) vehicles and attempted to get their attention by honking his horn, but he was unable to get their attention.

29. Near downtown Sacramento, a CHP vehicle positioned itself behind REV. DUNCAN'S automobile and flashed its red and blue lights.

30. REV. DUNCAN exited from the freeway and immediately stopped. Other CHP vehicles arrived. To the family's surprise and horror, several CHP officers surrounded their automobile and drew their firearms and pointed them at the family. CHP OFFICER RUSSELL had his gun

drawn. REV. DUNCAN, MRS. DUNCAN, and CHRISTOHER G. were ordered out of their automobile at gunpoint. As the family exited their automobile, a CHP officer pointed his gun at MRS. DUNCAN'S head. REV. DUNCAN and MRS. DUNCAN were handcuffed.

31. A CHP officer told REV. DUNCAN that the CHP had stopped him because the CHP received a report from LEE that an ex-convict with a gun was inside REV. DUNCAN'S automobile. However, the CHP officers, including OFFICER RUSSELL, knew that LEE'S report was false. REV. DUNCAN explained that there was no gun in his automobile and that he was not an ex-convict. Moments later, LEE arrived at the scene and claimed he had made a mistake. LEE placed a witness subpoena near REV. DUNCAN and announced that it had been served. LEE then walked away without identifying himself.

32. After this incident, REV. DUNCAN learned for the first time that the man who chased his family was STEVE LEE, an investigator from the COUNTY OF SACRAMENTO District Attorney's Office. REV. DUNCAN filed a complaint with the District Attorney's Office against LEE. After an investigation, the District Attorney's Office determined that LEE had engaged in an improper pursuit and violated traffic laws. The District Attorney's Office initiated a personnel action against LEE.

33. REV. DUNCAN also submitted a report to the California Highway Patrol. During that process, a Highway Patrol officer addressed REV. DUNCAN in a rude and intimidating manner in an attempt to discourage REV. DUNCAN from making a report.

## VII. <u>CLAIMS FOR RELIEF</u>

## <u>FIRST CLAIM FOR RELIEF</u>

### Excessive Force
### (42 U.S.C. Section 1983)

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set

forth herein.

35. Defendants' misconduct alleged herein violated Plaintiffs' right to be free from the unreasonable and excessive use of force as guaranteed by the 4th Amendment and the 14th Amendment of the United States Constitution.

36. Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including shock, extreme emotional distress, and humiliation.

## SECOND CLAIM FOR RELIEF

**Unreasonable Seizure**
**(42 U.S.C. Section 1983)**

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

38. Defendants' misconduct alleged herein violated Plaintiffs' right to be free from unreasonable seizure as guaranteed by the 4th Amendment and the 14th Amendment of the United States Constitution.

39. Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including shock, extreme emotional distress, and humiliation.

## THIRD CLAIM FOR RELIEF

**Violation of Substantive Due Process**
**(42 U.S.C. Section 1983)**

40. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

41. Defendants' misconduct alleged herein was outrageous and shocking to the conscience in violation of Plaintiffs' substantive due process right to personal security as guaranteed by the 14th Amendment of the United States Constitution.

42. Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including shock, extreme emotional distress, and humiliation

## FOURTH CLAIM FOR RELIEF

**Failure to Supervise and Train – Municipal Liability**
**(42 U.S.C. Section 1983)**
(Against COUNTY OF SACRAMENTO only)

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

44. LEE'S propensity for harassment, racial animus, false statements, improper tactics, and the use of improper methods to serve subpoenas, while on duty as an investigator, his glaring need for training and supervision to refrain from said misconduct, and the substantial likelihood that the inadequate training and supervision would result in constitutional violations against the Plaintiffs were all plainly obvious to the COUNTY OF SACRAMENTO and its District Attorney's Office.

45. The COUNTY OF SACRAMENTO, through its District Attorney's Office, had a policy, custom, or practice of consciously disregarding the need to train and supervise LEE. This conscious disregard amounted to deliberate indifference to the constitutional rights of Plaintiffs to be free from the unreasonable use of force and unreasonable seizure, as guaranteed by the 4th Amendment, and the right to personal security, as guaranteed by the 14th Amendment.

46. The COUNTY OF SACRAMENTO'S failure to train and supervise LEE directly and proximately caused Plaintiffs to be deprived of their constitutional rights, directly resulting in injury to their respective persons, loss of liberty, shock, extreme emotional distress, and humiliation.

## FIFTH CLAIM FOR RELIEF

**Interference with Civil Rights**
**(California Civil Code Section 52.1)**

47. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

48. Defendants, by intimidation, violence, threat of violence, and/or coercion, intentionally interfered with or attempted to interfere with the right of Plaintiffs to be secure against unreasonable seizures, pursuant to Article I, Section 13 of the California Constitution, and the right to due process, pursuant to Article I, Section 7 of the California Constitution.

49. Defendants, by intimidation, violence, threat of violence, and/or coercion, prevented Plaintiffs from enjoying their constitutional rights, in violation of California Civil Code §52.1.

50. Defendants' misconduct directly and proximately caused Plaintiffs to suffer loss of liberty, shock, extreme emotional distress, and humiliation.

51. Defendants' outrageous conduct was committed with malice and oppression entitling Plaintiffs to punitive damages against individual defendants.

## SIXTH CLAIM FOR RELIEF

**Intimidation Based On Race**
**(California Civil Code Section 51.7)**

52. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

53. Defendants' misconduct alleged herein subjected Plaintiffs to violence and/or intimidation by threat of violence because of Plaintiffs' race, in violation of California Civil Code §51.7.

54. Defendants' misconduct was a substantial factor in directly and proximately causing Plaintiffs to suffer injury to their respective persons, including loss of liberty, shock, extreme emotional distress, and humiliation.

55. Defendants' outrageous conduct was committed with malice and oppression entitling Plaintiffs to punitive damages against individual defendants.

## SEVENTH CLAIM FOR RELIEF

**Assault/Battery**
**(State Common Law)**

56. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

57. Defendants' misconduct alleged herein, including, but not limited to, nearly ramming Plaintiffs' automobile, pointing guns at Plaintiffs, and handcuffing Plaintiffs was intentional and made Plaintiffs reasonably believe that they were about to be touched in a harmful or offensive manner, without consent, and were so touched.

58. Defendants' misconduct was a substantial factor in directly and proximately causing Plaintiffs to suffer injury including shock and extreme emotional distress.

59. Defendants' outrageous conduct was committed with malice and oppression entitling Plaintiffs to punitive damages against individual defendants.

## EIGHTH CLAIM FOR RELIEF

**Negligent Hiring and Supervision**
**(State Common Law)**
(Against COUNTY OF SACRAMENTO only)

60. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

61. The COUNTY OF SACRAMENTO owed duties to Plaintiffs to manage their departments, supervise and train their employees, and prevent their employees from committing the misconduct described herein, including assault, unreasonable seizure, and interference with civil rights.

62. The COUNTY OF SACRAMENTO breached these duties, and this breach was a substantial factor in directly and proximately causing the injuries and damages suffered by Plaintiffs as alleged herein.

## NINTH CLAIM FOR RELIEF

**Negligence**
**(State Common Law)**

63. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33, as though fully set forth herein.

64. Defendants' acts, omissions, and misconduct alleged herein constituted a breach of their duty to Plaintiffs to avoid causing the harm alleged herein, and avoid and prevent violations of Plaintiffs' constitutional, statutory and common law rights.

65. Said breach was a substantial factor in directly and proximately causing the injuries and damages suffered by Plaintiffs as alleged herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory general damages against each defendant, jointly and severally, to be determined according to proof;
2. For compensatory special damages including, but not limited to, lost income, loss of earning capacity, and/or damage to career.
3. For punitive and exemplary damages against each individual defendant (as allowed by law) in an amount appropriate to punish each individual defendant and deter others from engaging in similar misconduct;
4. For costs of suit;

5. For reasonable attorneys' fees pursuant to Title 42 U.S.C. §1988, California Civil Code §52(b) and §52.1(h), and California Code of Civil Procedure §1021.5; and as otherwise authorized by statute or law;
6. For an award of statutory damages and penalties pursuant to California Civil Code §52(b) to be determined according to proof
7. For pre- and post-judgment interest as permitted by law; and
8. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

Dated: March 27, 2006

Respectfully submitted,

/s/ Johnny L. Griffin III
Johnny L. Griffin, III
Attorney for Plaintiffs