IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUNCAN; JANET DUNCAN; and CHRISTOPHER DUNCAN, a minor through his guardian, ROBERT DUNCAN,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO; STEVE LEE; CALIFORNIA HIGHWAY PATROL OFFICER RUSSELL (BADGE 10205); and DOES 1 through 100,<br><br>            Defendants. | 2:06-cv-0647-GEB-DAD<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

        The status (pretrial scheduling) conference scheduled for September 11, 2006, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.

### DOE DEFENDANTS

        In the JSR, Plaintiffs state they "expect to discover the identities of 'Doe' defendants within 180 days after the date set for initial disclosures . . . ." (JSR at 2.) However, Plaintiffs'

1

explanation for why this amount of time is requested is insufficient. The explanation provided is what Plaintiffs stated in the Joint Status Report filed June 5, 2006, ("June 5 JSR") in which they requested the same "180 days after the date set for initial disclosures . . . ." (June 5 JSR at 2.)  But it is unclear why the discovery Plaintiffs indicated they intended to conduct in the June 5 JSR has not enabled Plaintiffs to provide a different explanation for requesting the same amount of time in their JSR filed August 28, 2006.  It appears that a time period of 90 days from the date on which this Order is filed is sufficient for Plaintiffs to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to add a party to this action.[1]  The motion must be noticed for hearing on the Court's earliest available law and motion date.  If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 through 100 from this action.

ADDED DEFENDANT'S OPPORTUNITY
TO SEEK AMENDMENT OF THIS ORDER

If Plaintiffs substitute a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

---

[1] The Order Continuing Status (Pretrial Scheduling) Conference filed June 8, 2006, cautioned Plaintiffs that the Status (Pretrial Scheduling) Conference was being continued in part to "afford Plaintiffs ample time to conduct discovery pertinent to identifying any Doe defendant."

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

DISCOVERY

All discovery shall be completed by July 24, 2007. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before February 26, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before March 26, 2007.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be September 24, 2007, at 9:00 a.m.[3]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under

(continued...)

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2) The Court committed clear error or the initial decision was manifestly unjust; or

(3) There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers. Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

---

[3](...continued)
Rule 16(e) of the Federal Rules of Civil Procedure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for November 19, 2007, at 11:00 a.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law."  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[4]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

### TRIAL SETTING

Trial is set for February 12, 2008, commencing at 9:00 a.m.

### MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause.**

/////
/////
/////
/////

6

**Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  September 5, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge