1

2

3

4

5

6

7

8

9     IN THE UNITED STATES DISTRICT COURT

10    FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  ROBERT DUNCAN; JANET DUNCAN; )
  and CHRISTOPHER G., a minor )  2:06-cv-647-GEB-DAD
13  through his gaurdian ROBERT  )
  DUNCAN,         )
14             )
       Plaintiffs, )
15             )  COMMUNICATION AND
     v.       )  TRIAL DOCUMENTS
16             )
  COUNTY OF SACRAMENTO; and  )
17  STEVE LEE,       )
             )
18       Defendants. )
  _____)
19

20    Attached are voir dire questions, closing jury

instructions and a verdict form.
21

22    The "color of law" element has been excluded from the

jury instruction on the Fourth Amendment claim since it is evident
23

the parties agree Defendant Lee acted under color of law.  Where,
24

as here, the record shows that the allegations of unreasonable
25

seizure "plainly fall within the ambit of actions taken under color
26

of law," this element is understood to exist and no instruction on
27

this element is necessary.  <u>United States v. Giordano</u>, 442 F.3d 30,
28

44 (2nd Cir. 2006) (indicating officials act "under color of law
when their misuse of official power made the commission of a
constitutional wrong possible, even though the official committed
abusive acts for personal reasons far removed from the scope of
official duties").  If a party disagrees, an objection shall be
filed in which the reason for telling the jury about the "color of
law" element is explained.  Cf. Achor v. Riverside Golf Club, 117
F.3d 339, 341-42 (7th Cir. 1997) (indicating that instructions
should help jurors concentrate on the issues at hand).

Further, Defendants' proposed superceding causation
instruction has not been included since Defendants "[have] not
appropriately pled superseding cause as an affirmative defense [and
the affirmative defense is not in the Final Pretrial Order]. Rule
8(c) places the burden of pleading affirmative defenses on the
defendant[s]. . . [S]uperceding cause is an affirmative defense
within the meaning of Rule 8(c).  Since defendant[s] [have]
entirely failed to plead superseding cause, defendant[s] [have]
waived that defense and the right to admit evidence relevant to
such defense." Ritch v. A M General Corp., 1997 WL 834214, at *5
(D.N.H. Nov. 17, 1997).  This matter was discussed at the final
pretrial conference; there Defendants' counsel indicated this
defense did not constitute an affirmative defense and need not be
preserved for trial in the Final Pretrial Order.  The issue has not
been preserved for trial in the Pretrial order and is waived unless
some aspect of it is subsumed in a preserved trial issue.

///

///

///

Defendants' reference to a negligence claim has also been excluded since a negligence claim has not been preserved for trial.

Dated:  August 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge